# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:08cv429
### [consolidating 1:08cv429, 1:09cv30, 1:09cv227, and 1:09cv231]

| | |
|---|---|
| MARGIE GAIL DURKEE; MICHAEL EARL DURKEE; JACKIE NEWTON, Guardian Ad Litem on behalf of C. D.; BARNEY DURKEE; and BARBARA DURKEE; <br><br> Plaintiffs, <br><br> Vs. <br><br> CARROLL JETT; CORETRANS, LLC; DOMTAR PAPER COMPANY, LLC; DOMTAR INDUSTRIES, INC.; DOMTAR, INC.; DOMTAR CORPORATION; PEOPLEASE CORPORATION, <br><br> Defendants. | **ORDER CONSOLIDATING CASES** |

**THIS MATTER** is before the court on plaintiffs' Motion for Consolidation for Discovery Purposes and for Case Management Plan (#25). Counsel for plaintiffs state in such motion that all parties, with the exception of defendant Domtar, Inc., are in agreement as to such proposed relief.

As previously expressed, this court can see absolutely no reason why these actions should not be tried together and, for that matter, why they were not brought in one action in the first place. As plaintiffs state in the their motion, all plaintiffs were passengers in the same car and were allegedly injured in the same accident. Thus, the court can see no reason not to consolidate these cases. Further, the court sees no reason to limit such consolidation to discovery as separate trials of each

plaintiff's claims would result in an extraordinary waste of judicial resources and could well lead to inconsistent results. As trial approaches, any party can, of course, move for separate trials.

Finally, plaintiffs state that Domtar objects to the proposed modifications to the Pretrial Order to which all other parties have agreed. With joinder of all claims, the cart is a little before the horse at this point inasmuch as issues have not fully joined. See L.Cv.R. 16.1(D). Upon full joinder of the issues, the parties shall conduct an IAC and then file a CIAC as well as a proposed Pretrial Order. If any party cannot agree to a discovery plan, the court will gladly hear the reasons if a Motion for IPC is filed.

With the exception of any outstanding discovery requests or depositions that were noticed before consolidation, discovery pursuant to any previously entered Pretrial Orders in any of these cases will be suspended pending entry of a new Pretrial Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Consolidation for Discovery Purposes and for Case Management Plan (#25) is **ALLOWED** in part and **DENIED** in part as follows:

(1) **1:08cv429, 1:09cv30, 1:09cv227, and 1:09cv231** are **CONSOLIDATED** for all purposes, and this action shall proceed under the above re-styled caption in the earliest filed docket number, 1:08cv429;

(2) any party may move at an appropriate time to sever any action for trial

upon a showing of good cause for such relief;

(3) Pretrial Orders now in place in any of the above captioned cases are **SUSPENDED** pending joinder of the issues in this matter and the timely filing of a CIAC and proposed PTO in the consolidated case. Any party who cannot concur in a CIAC may file with the court its objections along with a Motion for an IPC;

(4) outstanding discovery requests and previously noticed depositions under any earlier Pretrial Order shall be honored and completed; and

(5) it appearing that issues will not join for another month, counsel for the respective parties are encouraged to use such time productively by discussing the possibility of early mediation of this dispute and selecting an experienced mediator.

Signed: September 10, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge