IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv429

| | |
|---|---|
| MARGIE GAIL DURKEE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CARROLL JETT, et al., ) <br> ) <br> Defendants ) <br> _____ ) | **ORDER** |

Pending before the Court is the Motion to Quash [# 79] and Consent Motion for Extension of Time [# 78]. Defendants C.H. Robinson Worldwide, Inc. and C.H. Robinson Company (collectively, "Defendants") move to quash the deposition of Chad Lindbloom and the 30(b)(6) deposition of Defendants. On October, 27, 2011, the Court held a hearing on the motions. At the conclusion of the hearing, and after the benefit of oral argument, the Court **DENIED** the Motion to Quash [# 79] and **GRANTED** the Motion for Extension of Time [# 78]. The Court now supplements is oral ruling with this written opinion.

**I. Analysis**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Id.

The information regarding the communications device mounted on the dashboard of the tractor trailer that was involved in the collision with Plaintiff Margie Durkee's vehicle sought by Plaintiffs in the two depositions at issue is relevant to their claims in this case. For example, if the deponents knew of any known or potential dangers from the use and operation of the device, such information could be relevant to Plaintiffs' claims. The fact that the Court dismissed the claim asserted against Geologic Solutions, Inc. as the manufacturer of the communications device does not render all information related to these devices irrelevant. Accordingly, Plaintiffs may question deponents about these devices, including whether or not deponents were aware of any potential danger from the operation of a vehicle while this device was in use.

Moreover, Defendants are not entitled to a protective order limiting the scope of the deposition and prohibiting questions regarding knowledge or information obtained from confidential sources outside the scope of Lindbloom's employment with Defendants. Although the information Lindbloom gained while serving on the board of Xata Corporation may or may not be imputed to Defendants, this is an evidentiary question for the District Court. Plaintiffs should be allowed an opportunity to depose Lindbloom and determine what, if anything,

he knew regarding these communications devices. If Defendants believe that this information may not be imputed to Defendants, they may file the appropriate motion in limine prior to trial. Plaintiffs, however, shall have the opportunity to question Lindbloom as to the scope of his personal knowledge, irrespective of where or how he obtained his knowledge. Accordingly, the Court **DENIES** the Motion to Quash [# 79]. The Court, however, will enter an appropriate protective order limiting the disclosure of confidential information of Xata Corporation that Lindbloom may have gained while serving on the board.

## II.   Conclusion

The Court **DENIES** the Motion to Quash [# 79] and **GRANTS** the Motion for Extension of Time [# 78]. Plaintiffs shall have through November 18, 2011, to conduct the two depositions at issue. The parties shall submit a joint protective order to the Court regarding the treatment of confidential information of Xata Corporation. Finally, the Court **DIRECTS** Plaintiffs that the Court will not allow any questions regarding any pending applications for patents of Xata Corporation, as such information is not relevant to this dispute.

Signed: October 28, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge